ORIGINAL

1   OLIVA & ASSOCIATES ALC
    Joseph L. Oliva, Esq., State Bar No. 113889
2   Michael S. Faircloth, Esq., State Bar No. 211153
    11770 Bernardo Plaza Court, Suite 350
3   San Diego, California 92128
    Telephone:  (858) 385-0491
4   Facsimile:  (858) 385-0499

5   BURKE O'NEIL LLC
    Susan L. Burke (Pro Hac Vice motion pending)
6   William T. O'Neil (Pro Hac Vice motion pending)
    1000 Potomac Street, SW, Suite 150
7   Washington, DC  20007
    Telephone:   (202) 445-1409
8   sburke@burkeoneil.com

9   Attorneys for Plaintiffs

10                  UNITED STATES DISTRICT COURT

11                SOUTHERN DISTRICT OF CALIFORNIA

12  ESTATE OF SABAH SALMAN            )  CASE NO.
    HASSOON;                          )  '09 CV 0647 L      JMA
13  HAMZIA UBAID ALWAN;               )
    SAJJAD SABAH SALMAN;              )  COMPLAINT FOR:
14  MOHAMMED SABAH SALMAN;            )
    ALI SABAH SALMAN;                 )  1. WAR CRIMES
15  ESTATE OF AZHAR ABDULLAH ALI;     )  2. ASSAULT AND BATTERY
    IBTISAM ABBASS JORREY;            )  3. WRONGFUL DEATH
16  SAJJAD AZHAR ABDULLAH;            )  4. INTENTIONAL INFLICTION OF
    EMAD AZHAR ABDULLAH;              )      EMOTIONAL DISTRESS
17  SAJAH AZHAR ABDULLAH; and         )  5. NEGLIGENT INFLICTION OF
    ESTATE OF NIBRASS MOHAMMED        )      EMOTIONAL DISTRESS
18  DAWOOD,                           )  6. NEGLIGENT HIRING, TRAINING
                                      )      AND SUPERVISION
19               Plaintiffs,          )  7. TORTIOUS SPOILATION OF
                                      )      EVIDENCE
20  v.                                )
                                      )
21  XE, formerly known as BLACKWATER  )  DEMAND FOR JURY TRIAL
    WORLDWIDE and BLACKWATER LODGE    )
22  AND TRAINING CENTER, INC.;        )
    US TRAINING CENTER WEST;          )
23  BLACKWATER SECURITY CONSULTING,   )
    LLC;                              )
24  BLACKWATER ARMOR AND TARGETS,     )
    LLC;                              )
25  BLACKWATER AIRSHIPS, LLC;         )
    BLACKWATER LOGISTICS, LLC;        )
26  RAVEN DEVELOPMENT GROUP, LLC;     )
    GREYSTONE LIMITED TOTAL           )
27  INTELLIGENCE SOLUTIONS, LLC;      )
    THE PRINCE GROUP LLC;             )
28  _____ )

                              1

                                              COMPLAINT

| 1 | EP INVESTMENTS, LLC; and ERIK PRINCE, |
|---|---|

EP INVESTMENTS, LLC; and
ERIK PRINCE,

            Defendants.

Plaintiffs ESTATE OF SABAH SALMAN HASSOON; HAMZIA UBAID ALWAN; SAJJAD SABAH SALMAN; MOHAMMED SABAH SALMAN; ALI SABAH SALMAN; ESTATE OF AZHAR ABDULLAH ALI; IBTISAM ABBASS JORREY; SAJJAD AZHAR ABDULLAH; EMAD AZHAR ABDULLAH; SAJAH AZHAR ABDULLAH; and ESTATE OF NIBRASS MOHAMMED DAWOOD (hereinafter referred to as "Plaintiffs") hereby allege as follows:

## JURISDICTION AND VENUE

1.   This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. Section 1331 (federal question); 28 U.S.C. Section 1332 (diversity jurisdiction); 28 U.S.C. Section 1350 (Alien Tort Statute); and 28 U.S.C. Section 1367 (supplemental jurisdiction).

2.   Venue is proper in this Court pursuant to 28 U.S.C. Section 1391(a)(3) and Section 1391(b)(2).

## THE PARTIES

3.   Plaintiff is the Estate of Sabah Salman Hassoon.  Before being shot by Xe-Blackwater, Sabah Salman Hassoon was a 38-year old father of three who worked as a security guard for the Iraqi Media Network.

4.   Plaintiff Hamzia Ubaid Alwan is the widow of Sabah Salman Hassoon.  She is a 45-year old mother now raising three young children without her husband.

5.   Plaintiffs Sajjad Sabah Salman, Mohammed Sabah Salman, and Ali Sabah Salman are the three sons forced to grow up without their father.  Now 12, 11 and 10 years old, respectively, they have suffered, and continue to suffer greatly, as a result of Xe-Blackwater's misdeeds.

/ / /

/ / /

2

COMPLAINT

6.    Plaintiff is the Estate of Azhar Abdullah Ali.  Before being shot by Xe-Blackwater, Azhar Abdullah Ali was a 33-year old father of three who worked as a security guard for the Iraqi Media Network.

7.    Plaintiff Ibtisam Abbass Jorrey is the widow of Azhar Abdullah Ali.  She is a 29-year old mother now raising three young children without her husband.

8.    Plaintiffs Sajjad Azhar Abdullah; Emad Azhar Abdullah; and Sajah Azhar Abdullah are the three children forced to grow up without their father.  Now 9, 7 and 4 years old, respectively, they have suffered, and continue to suffer greatly, as a result of Xe-Blackwater's misdeeds.

9.    Plaintiff is the Estate of Nibrass Mohammed Dawood.  Before being shot by Xe-Blackwater, Nibrass Mohammed Dawood was a 25-year old who worked as a security guard for the Iraqi Media Network.

10.    Defendant Erik Price is a resident of McLean, Virginia, with business offices at 1650 Tysons Boulevard, McLean, Virginia 22102, who personally and wholly owns holding companies known as The Prince Group and EP Investments LLC.  Mr. Price, through these holding companies, owns and controls the various Xe-Blackwater entities, as well as entities known as Greystone and Total Intelligence.

11.    Defendant The Prince Group LLC is a holding company located at 1650 Tysons Boulevard, McLean, Virginia 22102.

12.    Defendant EP Investments, LLC, is a holding company managed by The Prince Group LLC.  EP Investments, LLC is located at 1650 Tysons Boulevard, McLean, Virginia 22102.

13.    Defendant Erik Prince, acting through a web of companies operating under the "Xe" or "Blackwater" or "Falcon" or "Greystone" or "Total Intelligence" names, earns billions of dollars providing mercenaries (known as "shooters") for hire.  The various Xe-Blackwater, Greystone and The Prince Group corporate entities were formed merely to reduce legal exposures and do not operate as individual and independent companies outside the control of Erik Prince.  Erik Prince personally controls all the various entities.

3.

COMPLAINT

1    14.    Defendants Xe, Blackwater Worldwide, Blackwater Lodge and Training

2    Center, Inc., Blackwater Target Systems, Blackwater Security Consulting and Raven

3    Development Group are all located at 850 Puddin Ridge Road, Moyock, North Carolina

4    27958.

5    15.    Defendant Greystone Ltd. and Total Intelligence Solutions LLP are companies

6    through which Erik Prince conducts his mercenary business.  Greystone Ltd. and Total

7    Intelligence Solutions LLP are located at 1650 Tysons Boulevard, McLean, Virginia  22102.

8    16.    Defendant U.S. Training Center, a subsidiary of Xe- Blackwater, operates U.S.

9    Training Center Southwest.  This 66,000 square foot training center provides military, law

10    enforcement and private citizen firearms and specialty course training. U.S. Training Center

11    Southwest was formed and does business in this District at 7685 Siempre Viva Road, San

12    Diego, California.  It had previously conducted business in this District at 5590 Ruffin Road,

13    San Diego, California.

14    **COMPLAINT**

15    17.    On February 7, 2007, heavily-armed Xe-Blackwater employees shot and killed

16    three (3) men working as security guards at the rear gate of the Iraqi Media Network

17    compound in central Baghdad -- Sabah Salman Hassoon, Azhar Abdullah Ali, and Nibrass

18    Mohammed Dawood.  The Xe-Blackwater employees had no reason to shot these three men.

19    18.    Approximately twenty (20) Xe-Blackwater employees witnessed the crimes.

20    Blackwater-Xe supervisors learned of the killings shortly after they occurred.   Yet Xe-

21    Blackwater did nothing to report the shootings.  Instead, Xe-Blackwater acted, and continues

22    to act, in conspiracy with the shooters, to evade any accountability whatsoever.

23    19.    Xe-Blackwater's bad acts include, among other things, refusing to identify the

24    shooters to Iraqi authorities and destroying documents and other evidence relating to this and

25    other Xe-Blackwater shootings.

26    20.    This action seeks damages sufficient to stop Xe, formerly Blackwater, in all of

27    its various corporate incarnations, from continuing its lawless behavior.  These companies

28    (including an Xe-Blackwater company called Falcon, which continues to operate in Iraq), are

1   all component parts of a single private company wholly owned and personally controlled by

2   a man named Erik Prince.  Xe-Blackwater's unjustified killings of Sabah Salman Hassoon,

3   Azhar Abdullah Ali, and Nibrass Mohammed Dawood are but one of a staggering number of

4   senseless deaths that directly resulted from Xe-Blackwater's misconduct.

5               **THE XE-BLACKWATER IRAQI MEDIA NETWORK MURDERS**

6           21.    Xe-Blackwater provides armed forces to protect Department of State personnel

7   in Iraq.   These mobile armed forces that accompany diplomats and others in need of

8   protection are consistently referred to by Xe-Blackwater as "shooters."

9           22.    Xe - Blackwater earned more than two billion dollars from the United States.

10  The United States paid Xe - Blackwater these substantial sums based on Xe - Blackwater's

11  misrepresentations that it was a legitimate company able to conduct itself in a lawful manner.

12  But in fact, Xe - Blackwater operates extra-legally, providing heavily-armed mercenaries

13  who flout the laws of this nation and the host nation, Iraq.

14          23.    On February 7, 2007, approximately twenty (20) Xe-Blackwater employees in

15  four SUVs escorted a U.S. diplomat to a meeting at the Iraqi Justice Ministry outside the

16  Green Zone.   During the meeting, Blackwater shooters took up positions on the Justice

17  Ministry's roof.

18          24.    Across the street from the Iraqi Justice Ministry sits the compound of the Iraqi

19  Media Network, a state-owned and operated enterprise, which operates newspapers, radio

20  stations and the al-Iraqiya television station.  (The United States provides assistance to this

21  network.)  The rear gate to the Iraqi Media Network compound sits across the street from the

22  Iraqi Justice Ministry.   A traffic circle known as King Faisal Square separates the two

23  compounds.

24          25.    The three (3) deceased were guards for Iraqi Media Network, and were

25  manning their guard stations on February 7, 2007.

26  / / /

27  / / /

28  / / /

COMPLAINT

26.    Xe-Blackwater shooters located on the roof across the street opened fire on Nibrass Mohammed Dawood, who was stationed on a balcony overlooking gate. The Xe-Blackwater shooters hit him, and he fell to the balcony floor. Xe-Blackwater shooters had no reason to shoot him.

27.    Several other guards heard the shot and saw Nibrass Mohammed Dawood fall. As they ran to his side to assist him, they too came under fire from the Xe-Blackwater shooters.

28.    Azhar Abdullah Ali and Sabah Salman Hassoon were among those who ran to assist Nibrass. Xe-Blackwater shooters shot them both as they were assisting Nibrass.

29.    The Iraqi Army commander at the site, Captain Ahmed Thamir Abood, received a phone call from the Justice Ministry telling him that the shots were coming from the Americans stationed on the roof of the Ministry.

30.    Captain Abood rushed toward the Justice Ministry, where he confronted the Xe-Blackwater shooters as they were preparing to leave. Captain Abdood questioned them about the shootings.

31.    Xe-Blackwater personnel refused to identify who was in charge or to answer Captain Abood's questions. They joked among themselves, giving contradictory statements regarding to whom the Captain should speak. Instead of answering questions posed by the Iraqi military captain, Xe-Blackwater shooters loaded up their vehicles, released smoke grenades and sped off toward the Green Zone.

32.    The families later discovered from Iraqi police reports that Xe-Blackwater had been involved in the shootings, and that the shootings were described as "an act of terrorism."

33.    Xe-Blackwater failed to conduct any investigation whatsoever into the shootings.

34.    Instead, Xe-Blackwater conspired with the shooters to protect their identities from discovery and to evade any accountability.

///

COMPLAINT

## XE – BLACKWATER'S PATTERN AND PRACTICE OF ILLEGAL ACTIVITY

35.     Blackwater's shootings of Nibrass Mohammed Dawood, Azhar Abdullah Ali and Sabah Salman Hassoon were neither the first nor the last time Xe-Blackwater shot and killed innocents for no reason.

36.     Xe - Blackwater has a pattern and practice of recklessness in the use of deadly force.  Xe - Blackwater has created and fostered a corporate culture in which excessive and unnecessary use of deadly force by its employees is not investigated or punished in any way.

37.     Xe - Blackwater routinely sends heavily-armed "shooters" into the streets of Baghdad with the knowledge that some of those "shooters" are chemically influenced by steroids and other judgment-altering substances.

38.     Xe-Blackwater routinely gives weapons to men known to be alcoholics or drug users.  Xe-Blackwater fails to prevent its employees from carrying their weapons when they are imbiding alcohol or using drugs.

39.     Xe – Blackwater management refused to fire or discipline mercenaries who murdered innocent Iraqis.  Mercenaries known to have committed "bad shoots" (*i.e.* murder) would not even be placed on the "do not use" list.  Instead, Xe – Blackwater would continue to rehire and deploy mercenaries known to have killed innocents for no reason.  Plaintiffs will show at trial a litany of illegal shootings around the globe by Xe-Blackwater.

40.     Xe-Blackwater repeated engages in illegal conduct.  Xe – Blackwater engages in conduct that violates the laws governing the use and sale of firearms.  Xe-Blackwater fails to track or monitor its weaponry and ammunition as is required by law.

41.     Plaintiffs will show at trial that Xe – Blackwater hired and continues to hire former military officials known to have been involved in human rights abuses in Latin America and elsewhere. Although Xe – Blackwater tries to pass itself off as a company using retired American military, the company actually recruits mercenaries from the Philippines, Chile, Nepal, Colombia, Ecuador, El Salvador, Honduras, Panama, Peru, Bulgaria, Poland, Romania, Jordan and perhaps South Africa. Xe - Blackwater hires and deploys to Iraq
/ / /

1  foreign nationals without regard for the fact that they were forbidden by the laws of their

2  country from serving as mercenaries.

3     42.    Given its status as a mercenary or quasi-mercenary organization, Xe –

4  Blackwater violates the law by seeking and accepting work from the United States

5  government.  The Anti-Pinkerton Act, 5 U.S.C. § 1803, prohibits the United States from

6  doing business with "[a]n individual employed by the Pinkerton Detective Agency, or

7  similar organization."  The legislative history of the Act makes it clear that a "similar

8  organization" means any mercenary or quasi-mercenary organization.

9  ## XE-BLACKWATER'S DESTRUCTION OF EVIDENCE

10    43.    Xe – Blackwater captured much of the illegal conduct on videotape and

11  audiotape.  Reasonable discovery will show that Xe-Blackwater generated documents that

12  revealed the identities of the shooters in the February 7, 2007 incident.  Reasonable

13  discovery will show that Xe – Blackwater intentionally destroyed evidence relating to this

14  incident.

15    44.    Reasonable discovery will show that on or about March 18, 2008, Defendants'

16  high-level executives Messrs. Gary Jackson and Dave Jackson met with others at Xe-

17  Blackwater (then called Blackwater) to discuss ongoing Department of Justice investigations

18  and other legal troubles.  Reasonable discovery will show that after that meeting, Xe-

19  Blackwater employees began to destroy documents and other evidence relating to the events

20  at issue in this and other legal proceedings.

21  ## DAMAGES

22    45.    Defendants are liable for killing Nibrass Mohammed Dawood, Azhar Abdullah

23  Ali and Sabah Salman Hassoon.  Defendants are liable for the pain and suffering caused to

24  Nibrass Mohammed Dawood, Azhar Abdullah Ali and Sabah Salman Hassoon, as well as

25  the pain and suffering and loss of consortium caused to the family members of these victims.

26    46.    Defendants are liable for the physical and mental injuries caused to all

27  Plaintiffs.

28  / / /

COMPLAINT

47.   Plaintiffs seeks compensatory and punitive damages in an amount for each individual in excess of the jurisdictional amount set forth in 28 U.S.C. § 1332.  Plaintiffs also seek any and all additional remedies (such as attorneys' fees) available under law and equity.

### COUNT ONE – WAR CRIMES

48.   All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

49.   Defendants' acts were deliberate, willful, intentional, wanton, malicious and oppressive and constitute war crimes.

50.   Defendants' acts took place during a period of armed conflict.

51.   Defendants committed war crimes against Nibrass Mohammed Dawood, Azhar Abdullah Ali and Sabah Salman Hassoon, and others.

52.   Defendants are liable for their conduct that constitutes war crimes.

53.   Defendants' misconduct caused grave and foreseeable injuries to Plaintiffs.

### COUNT TWO – ASSAULT AND BATTERY

54.   All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

55.   Defendants unlawfully intended to and did inflict immediate injury upon Plaintiffs.

56.   Defendants intentionally assaulted, battered, and made other offensive contacts; and aided and abetted the assaulting, battering and offensively contacting of the Plaintiffs.

57.   Plaintiffs did not consent to the offensive contacts.  Plaintiffs feared for their personal safety and felt threatened by Defendants' actions.

58.   Defendants committed the assaults and batteries.

59.   Defendants' acts caused grave and foreseeable damages to Plaintiffs.

### COUNT THREE – WRONGFUL DEATH

60.   All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

COMPLAINT

61.   Defendants' wrongful acts and omissions caused the death of Plaintiffs.

62.   Defendants set the conditions, directly and/or indirectly facilitated, ordered, acquiesced, confirmed, ratified and/or conspired with others to act in the manner that led to the wrongful deaths.

63.   The Estate Plaintiffs are the duly appointed personal representative of Nibrass Mohammed Dawood, Azhar Abdullah Ali and Sabah Salman Hassoon, respectively.

64.   The deaths of Nibrass Mohammed Dawood, Azhar Abdullah Ali and Sabah Salman Hassoon were the foreseeable result of Defendants' wrongful acts and omissions.

**COUNT FOUR – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

65.   All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

66.   Defendants intentionally inflicted severe emotional distress by way of extreme and outrageous conduct on Plaintiffs and their family members.

67.   Defendants set the conditions, directly and/or indirectly facilitated, ordered, acquiesced, confirmed, ratified and/or conspired with others to inflict emotional distress on Plaintiffs.

68.   Defendants' acts caused grave and foreseeable injuries to Plaintiffs and his family members.

**COUNT FIVE – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

69.   All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

70.   Defendants negligently inflicted severe emotional distress on Plaintiffs.

71.   Defendants breached a duty to Plaintiffs.

72.   Defendants' negligence directly and foreseeably harmed Plaintiffs.

**COUNT SIX – NEGLIGENT HIRING, TRAINING AND SUPERVISION**

73.   All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

/ / /

10

COMPLAINT

74.     Defendants acted negligently and directly harmed Plaintiffs by:

    (a)    failing to take the appropriate steps in hiring proper personnel to perform services;

    (b)    failing to properly screen personnel before their hiring;

    (c)    failing to train personnel properly;

    (d)    failing to investigate allegations of wrongdoing;

    (e)    failing to reprimand for wrongful actions;

    (f)    failing to adequately monitor for and stop illegal substance abuse; and

    (g)    negligently permitting repeated lawlessness by employees.

75.     Defendants' negligence directly and foreseeably harmed Plaintiffs.

## COUNT SEVEN – TORTIOUS SPOILATION OF EVIDENCE

76.     All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

77.     Defendants had a legal duty to preserve evidence relating to unauthorized uses of force.

78.     Defendants intentionally destroyed that evidence to prevent detection of its wrongdoing.

79.     Defendants' destruction of evidence significantly impaired Plaintiffs' ability to prove certain facts in this action.

80.     Defendants' intent in destroying the evidence was to lessen the risk that they would be found liable by a jury hearing this action.

81.     Defendants' intentional destruction of evidence harmed and continues to harm the Plaintiffs.

## PRAYERS AND DAMAGES

82.     Plaintiffs, acting when necessary through the Estates, are entitled to any and all remedies available to them as a result of the conduct alleged herein, including, but not limited to:

/ / /

COMPLAINT

1    (a)    compensatory damages for death, physical, mental and economic

2    injuries;

3    (b)    punitive damages in an amount sufficient to strip Defendants of all of

4    the revenue and profits earned from their pattern of constant misconduct and callous

5    disregard for human life; and

6    (c)    any attorneys' fees and costs permitted by law.

7    DATED: March 31, 2009                    OLIVA & ASSOCIATES, ALC

8

9

10                          By:    _____
                                   Joseph L. Oliva, Esq.
11                                 Michael S. Faircloth, Esq.

12                          BURKE O'NEIL LLC
                            Susan L. Burke (Pro Hac Vice motion pending)
13                          William T. O'Neil (Pro Hac Vice motion pending)
                            1000 Potomac Street, SW, Suite 150
14                          Washington, DC 20007
                            202.445.1409
15                          sburke@burkeoneil.com

16                          Attorneys or Plaintiffs,
                            ESTATE OF SABAH SALMAN HASSOON;
17                          HAMZIA UBAID ALWAN; SAJJAD SABAH
                            SALMAN; MOHAMMED SABAH SALMAN;
18                          ALI SABAH SALMAN; ESTATE OF AZHAR
                            ABDULLAH ALI; IBTISAM ABBASS
19                          JORREY; SAJJAD AZHAR ABDULLAH;
                            EMAD AZHAR ABDULLAH; SAJAH AZHAR
20                          ABDULLAH; AND ESTATE OF
                            NIBRASS MOHAMMED DAWOOD

21

22                          DEMAND FOR JURY TRIAL

23    Plaintiffs hereby demand a jury trial as provided by Rule 38(a) of the Federal Rule of

24    Civil Procedure.

25                                      OLIVA & ASSOCIATES, ALC

26

27                          By:    _____
                                   Joseph L. Oliva, Esq.
28                                 Michael S. Faircloth, Esq.

COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BURKE O'NEIL LLC
Susan L. Burke (Pro Hac Vice motion pending)
William T. O'Neil (Pro Hac Vice motion pending)
1000 Potomac Street, SW,  Suite 150
Washington, DC 20007
202.445.1409
sburke@burkeoneil.com


Attorneys or Plaintiffs,
ESTATE OF SABAH SALMAN HASSOON;
HAMZIA UBAID ALWAN; SAJJAD SABAH
SALMAN; MOHAMMED SABAH SALMAN;
ALI SABAH SALMAN; ESTATE OF AZHAR
ABDULLAH ALI; IBTISAM ABBASS
JORREY; SAJJAD AZHAR ABDULLAH;
EMAD AZHAR ABDULLAH; SAJAH AZHAR
ABDULLAH; AND ESTATE OF
 NIBRASS MOHAMMED DAWOOD

COMPLAINT

ORIGINAL

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

FILED

## I. (a) PLAINTIFFS

ESTATE OF SABAH SALMAN HASSOON;
HAMZIA UBAID ALWAN;
SAJJAD SABAH SALMAN;

[SEE ATTACHED LIST]

## DEFENDANTS

XE, formerly known as BLACKWATER
WORLDWIDE and BLACKWATER LODGE AND
TRAINING CENTER, INC.; US TRAINING CENTER
WEST;

[SEE ATTACHED LIST]

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  IRAQ
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  FAIRFAX, VA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
OLIVA & ASSOCIATES, ALC
11770 Bernardo Plaza Court
Suite 350
San Diego, CA  92128
(858) 385-0491

ATTORNEYS (IF KNOWN)

'09 CV 0647   L   JMA

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)  28 USC Section 1350 (Aliens' action for tort).
This action involves claims in tort by aliens committed in violation of the laws of the nations or a treaty of the United States.  28:1346

## V. NATURE OF SUIT (PLACE AN 'X' IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Conditions | | | |

## VI. ORIGIN (PLACE AN 'X' IN ONE BOX ONLY)

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removal from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE WHALEN / BURNS / HUFF   Docket Number 09cv0561 /09cv0626 /09cv0631

DATE
MARCH 31, 2009

SIGNATURE OF ATTORNEY OF RECORD
MICHAEL S. FAIRCLOTH, ESQ.

# 161 549   $350.

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

CP   4/1/09

1        ATTACHMENT TO CIVIL COVER SHEET

2

3   ADDITIONAL PLAINTIFFS:

4   MOHAMMED SABAH SALMAN;

5   ALI SABAH SALMAN;

6   ESTATE OF AZHAR ABDULLAH ALI;

7   IBTISAM ABBASS JORREY;

8   SAJJAD AZHAR ABDULLAH;

9   EMAD AZHAR ABDULLAH;

10  SAJAH AZHAR ABDULLAH; and

11  ESTATE OF NIBRASS MOHAMMED DAWOOD,

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

AO 72
(Rev. 8/82)

AO-72

1                          **ATTACHMENT TO CIVIL COVER SHEET**

2

3    <u>**ADDITIONAL DEFENDANTS**</u>**:**

4    BLACKWATER SECURITY CONSULTING, LLC;

5    BLACKWATER ARMOR AND TARGETS, LLC;

6    BLACKWATER AIRSHIPS, LLC;

7    BLACKWATER LOGISTICS, LLC;

8    RAVEN DEVELOPMENT GROUP, LLC;

9    GREYSTONE LIMITED TOTAL INTELLIGENCE SOLUTIONS, LLC;

10    THE PRINCE GROUP LLC;

11    EP INVESTMENTS, LLC; and

12    ERIK PRINCE,

13

14

15

16

17

18

19

20

21

22

23

24

25

26

AO 72
(Rev. 8/82)

# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# # 161549   — SR

## April 01, 2009
## 10:43:27

## Civ Fil Non-Pris
USAO #.: 09CV0647
Judge..: M. JAMES LORENZ
Amount.:                $350.00 CK
Check#.: BC#9960


**Total—> $350.00**


FROM: ESTATE OF SABAH, ET AL V. XE
      CIVIL FILING